UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY TAYLOR, a single man<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE GROUP and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois Corporation,<br><br>    Defendant. | No. 2:15-cv-00030-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    Before the Court is Defendant's Motion for Partial Summary Judgment Regarding One Year Suit Limitation, ECF No. 6. The motion was heard without oral argument. Plaintiff is represented by Scott Volyn. Defendant is represented by Jeremy Zener.

### MOTION STANDARD

    Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby,*

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1**

*Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## BACKGROUND FACTS

The following facts are taken from Plaintiff's complaint and Defendant's Statement of Facts, as Plaintiff did not file a Statement of Facts with his response.[1]

Defendant Allstate Property and Casualty Insurance Co. issued Plaintiff a homeowner's insurance policy. Plaintiff made a claim on the policy for water loss and theft loss that occurred in October and November, 2009. The water damage was caused by a contractor who was hired to install wood flooring, after the first contractor was unable to complete the job.

Plaintiff had moved out of his home during the remodel project. When he

---

[1] The Court includes the facts from Plaintiff's complaint to provide context and background information.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2**

went to review the floors, he noticed that several items of personal property were missing. He confronted the contractor, who denied stealing anything. The contractor then asked for additional money beyond the terms of the contract, which Plaintiff refused to pay, although he did pay the balance of the contract. After Plaintiff moved back into the home, he noticed other items were missing. A couple of days later, he discovered that the toilet the contractor had recently reinstalled was leaking. It caused extensive water damage to the wall behind the toilet and into the adjacent garage area.

An inspector reported to Plaintiff that it appeared the leakage was caused intentionally because the toilet water fittings in all the bathrooms had been placed upon the initial thread of fittings, but never tightened. The inspection also revealed extensive damage throughout the house caused by the leaking toilets. A local disaster recovery construction company attempted to repair the damage, but also caused substantial damage.

Plaintiff submitted claims to Defendant Allstate, who accepted the claims and began issuing payments on Plaintiff's water loss claim in November, 2009. It also accepted coverage for Plaintiff's theft loss. Defendant ultimately closed the theft claim when Plaintiff failed to provide information to allow Defendant to adjust the loss. Defendant continued to issue payments on the water loss until October 28, 2010. Ultimately, Defendant made payments totaling $111,334.71 on Plaintiff's water loss claim.

Plaintiff retained his current attorney, Scott Volyn, on or about February 24, 2010. He filed a lawsuit against Defendant in Chelan County Superior Court on December 24, 2014, alleging breach of contract, violation of the Consumer Protection Act, bad faith, negligence, and violations of the Insurance Fair Conduct Act. He asserts he has incurred $95,000 in unreimbursed losses.

Defendant removed the action to the Eastern District of Washington. Defendant now moves for summary judgment on all of Plaintiff's contractual

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 3

claims as a matter of law because Plaintiff failed to file his lawsuit within one year from the inception of loss or damage.

## ANALYSIS

The homeowner's policy in question has the following clause:

12. Action Against Us

No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:
    a) there has been full compliance with all policy terms;
    b) the action is commenced within one year after the inception of loss or damage.

Defendant argues the time period for filing a lawsuit expired on October 27, 2010 and November 9, 2010. Because there is evidence in the record that Defendant paid claims in 2011, Defendant argues that even if the Court were to use this date, the limitation period would expire in 2012. It is undisputed that Plaintiff filed his suit more than two years after Allstate last adjusted his claim.

Plaintiff argues that his claim is based on Defendant's failure to complete the adjustment process and to allow a claim to remain open, uncompleted for four years. He maintains his cause of action is based on this continuing violation. According to Plaintiff, his suit is timely within the interpretation of the contract language and the lay understanding of the insured. He maintains that the impact of allowing the claim to remain open is that the one year limitation does not begin to run. In other words, the complete inaction by Defendant has tolled the one-year provision, and the breach of contract claim is timely.

Under Washington law, an insurance contract may include reasonable limitations on liability. *Ashburn v. Safeco Ins. Co. of Am.*, 42 Wash.App. 692, 695 (1986). Washington courts have upheld the validity of the 1-year limitation on insurance contracts. *Id.* (citations omitted). Limitations of actions provisions in a contract prevail over general statute of limitations unless prohibited by statute or

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4**

public policy, or unless they are unreasonable. *Id.* Wash. Rev. Code § 48.18.200 provides that the limitation of a right of action in an insurance policy may not be less than 1 year from the date of loss.[2] Washington courts interpret this to impliedly authorize a 1-year limitation. *Ashburn*, 52 Wash.App. at 697.

An insured has an affirmative duty under Washington law to read their policy and be on notice of the terms and conditions of the policy. *Dombrosky v. Farmer Ins. Co. of Wash.*, 84 Wash.App. 245, 257 (1996).

A close review of Plaintiff's arguments reveals that he is not challenging the one-year limitation, that is, under a plain reading of the clause, the time period for bringing a lawsuit against Defendant is one year after the inception of the loss or damage, which, according to Defendant's uncontroverted Statement of Facts, occurred on October 27, 2009 and November 9, 2009, and was reported on November 9, 2009 (water loss) and November 19, 2009 (theft loss). Rather, he is arguing that the one year limitation should be equitably tolled.

The elements of equitable estoppel are: (1) an act that is inconsistent with a later claim; (2) another party's reasonable reliance on the act; and (3) injury to the other party that would result if the first party is permitted to repudiate the earlier act. *Dombrosky*, 84 Wash.App. at 256. Equitable estoppel is not favored under Washington law, and the party asserting estoppel must prove each of the elements

---

[2](1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement
\*\*\*
(c) limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. In contracts of property insurance, or of marine and transportation insurance, such limitation shall not be to a period of less than one year from the date of the loss. Wash. Rev. Code § 48.18.200.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5**

by clear, cogent, and convincing evidence. *Robinson v. City of Seattle*, 119 Wash.2d 34, 82 (1992).

Washington courts have applied the doctrine of equitable estoppel to an insurance contract claim. *See Dickson v. U.S. Fidelity & Guaranty Co.* 77 Wash.2d 785, 788 (1970); *David v. Oakland Home Insur. Co.*, 11 Wash.181, 185 (1895). Generally in cases in which the time limitation clause was tolled, the insurance company took some action that gave the impression that the claim was still open for consideration, notwithstanding that the time for filing the lawsuit had passed. For instance, in *Dickson,* the insurance agent made a statement to the insured that the rejection of the claim was not final and he then failed to forward the claim to the home office for over 6 months. 77 Wash.2d at 788. The trial court determined that because the plaintiffs commenced suit within a reasonable time after learning of the final decision of the home office, the insurance company was equitably estopped from raising the time limitation provision. *Id.* Similarly, in *David,* the court held that an insurance company waived the policy's period of limitation where the insured made settlement offers that were rejected by the insurer. 11 Wash. at 185. The court held that these ongoing negotiations were such "as to warrant the insured in believing that the matter was still open for further consideration and adjustment between the parties."[3] *Id.*

---

[3] As the Court explained:
> So long as the insured was thus given the right to suppose that the question of adjustment was an open one, he had the right to assume that the condition of the policy as to the time for the commencement of an action thereon had been waived by the company. And such waiver would continue until, by some definite action on its part, the company had notified the insured of the rejection of his claim. After which, he would have a reasonable time in which to commence an action upon the policy. *Id*.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 6

In this case, there is no genuine issue of material fact regarding whether equitable estoppel applies, and thus summary judgment as a matter of law on Plaintiff's insurance contract claims is appropriate. There is nothing in the record to establish that Defendant gave Plaintiff any indication that the claim was still open for consideration after it closed the theft claim and stopped issuing payments on the water loss claim in October 28, 2010. There is nothing in the record to suggest that Defendant did anything after this date that would cause Plaintiff to believe that his claim was still being processed. In fact, the record is devoid of any communications between Plaintiff and Defendant. Plaintiff indicates that he received his last payment in 2011. At the minimum, the limitation period for filing a lawsuit would have expired in 2012. Even then, Plaintiff did not file this lawsuit until December, 2014. Unlike the insured in *Dickson*, Plaintiff did not bring this lawsuit within a reasonable time. Rather, he waited until over three years after the last payment, and nearly five years after the loss occurred before filing suit. There is nothing in the record to support a finding that this was reasonable.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment Regarding One Year Suit Limitation, ECF No. 6, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 5th day of May, 2015.

*Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 7