UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY TAYLOR, a single man, | No. 2:15-cv-00030-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART** |
| ALLSTATE INSURANCE GROUP and | **AND DENYING IN PART** |
| ALLSTATE PROPERTY AND | **DEFENDANT'S SECOND** |
| CASUALTY INSURANCE COMPANY, | **MOTION FOR SUMMARY** |
| an Illinois Corporation, | **JUDGMENT** |
| Defendant. | |

### *Introduction and Posture*

Before the Court is Defendant's Motion for Summary Judgment Regarding Statute of Limitations for Plaintiff's Extra-Contractual Claims, ECF No. 25. The motion was heard without oral argument. The Court considered the motion, Plaintiff's Response, ECF No. 29, Defendant's Reply, ECF No. 33, and the associated documents, submissions of fact, and evidence.

Plaintiff filed this insurance coverage suit in Chelan County Superior Court on December 24, 2014, bringing claims for breach of insurance contract, insurance bad faith, violation of the Washington Consumer Protection Act ("CPA"), and the Insurance Fair Conduct Act ("IFCA"), for denial of coverage of claims for theft and water damaging in Plaintiff's home occurring around October, 2009. The

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 1**

Court granted Defendant's first motion for summary judgment, ECF No. 6, and dismissed Plaintiff's claims for contractual damages where the insurance contract mandated bringing suit within one year, on the basis that Defendant closed the theft claim and stopped making payments on the water claim in October, 2010. Defendant now brings the instant motion for summary judgment on statute of limitations grounds for the Plaintiff's remaining, extra-contractual claims. For the reasons discussed below, the motion is **granted in part and denied in part**.

### *Standard*

The Court may grant summary judgment when the record establishes no genuine dispute of material fact, and, as a matter of law, the movant is entitled to judgment. *Cap. Spec. Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1032 (E.D. Wash. 2014). A moving party is entitled to judgment as a matter of law when the opposing party fails to show sufficient evidence on an essential element of a claim. *Celotex Corp. v. Catrett*, 477 U.S. 242, 250 (1986). A dispute of material fact is one that effects the outcome of the case, requiring a trial to determine the truth. *Griffin v. J-Records*, 398 F. Supp. 2d 1137, 1141 (E.D. Wash. 2005). The evidence presented must be such that a jury could reasonably find for the non-movant; a scintilla of evidence will not do. *Id.* The evidence offered by the non-movant to establish genuine disputes must be beyond the pleadings; this can include affidavits, depositions, documentary evidence, and admissions. *Griffin*, 398 F. Supp. 3d at 1141. Rather than weigh evidence or assess credibility, the Court views all evidence in the light most favorable to the non-movant, and draws inferences in his or her favor. *Erickson v. City of Leavenworth*, 782 F. Supp. 2d 1163, 1167 (E.D. Wash. 2011).

Sitting in diversity, this Court applies the substantive law of Washington, and the procedural law of the federal system. *Jacobs v. CBS Broad. Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002). Statutes of limitations are a substantive, state law issue; in Washington, a party can be entitled to judgment as a matter of law based

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 2**

on the statute of limitations, if facts regarding the running of the statute are not in dispute and the statute of limitations has run. *Gray v. Suttell & Assocs.*, ___ F. Supp. 3d ___, 2015 WL 4756837, at *8 (E.D. Wash. 2015); *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 266-67 (2008).

### *Facts*

This case revolves around a homeowner's insurance policy. The following facts are gleaned from the complaint, and the Court need not assume them true for summary judgment.[1]

Plaintiff purchased homeowner's insurance from Defendant Allstate, Policy Number 964206668. In 2009, Plaintiff hired a contractor to remodel his home. The contractor instead stole items from Plaintiff's home, and purposefully caused significant water damage by sabotaging pipes in the bathroom. Plaintiff contacted Allstate, who sent an adjustor, Paul Dilley, to investigate. Dilley discovered that a disaster recovery firm Plaintiff hired to repair the water damage had itself caused further damage. Allstate investigated the theft claims, and assigned claim numbers to the theft and water damage. Allstate notified Plaintiff in December, 2010 that it hired a law firm to recover money from the contractor's insurance company. Allstate eventually closed the theft claim when Plaintiff failed to provide information on it. Allstate stopped making payments on the water loss on October 28, 2010.

Allstate's failure to promptly file the claims led to litigation brought by the disaster recovery firm against Plaintiff, as well as collections by several subcontractors. Plaintiff paid these claims. Allstate also refused to renew Plaintiff's insurance, but refused to close his claims for theft and water damage, preventing new insurers from insuring him.

//

---

[1] Later facts, described below, were produced by Plaintiff for summary judgment, and are viewed in the light most favorable the Plaintiff.

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 3**

The following facts were proffered by Plaintiff in response to the motion for summary judgment before the Court, and are read as true and in the light most favorable to Plaintiff. On August 5, 2010, an Allstate adjuster, Melody Bothwick, informed Plaintiff in a letter that their "investigation was continuing" and that Plaintiff's claims were neither accepted nor rejected. ECF No. 30 at 1:19-23. A similar letter was sent on August 6, *id.* at 2:2-7, and on September 20, *id.* at 2:13-16. Allstate wrote another letter, dated October 18, stating that the company was awaiting paperwork from Plaintiff to process a claim. *Id.* at 2:17-22.

On November 10, 2010, Bothwick wrote a letter stating that "[a]fter numerous conversations and written requests for the documents to support your claim for additional monies owed for hotel and pet boarding I am closing this coverage . . . Once you have information to send to me that would support your request for additional payment . . . send me this information for review." *Id.* at 2:24-26—3:1-5.

A letter dated December 6, 2010 notified Plaintiff that Allstate was attempting to recover his deductible and damages from a third party. *Id.* at 3:7-12. Another letter from the same date requested detailed estimates on claims for chimney damage and damage to toilets before claims could be paid. *Id.* at 3:21-25.

On February 14, 2011, Dilley told Plaintiff that the chimney claim could be paid, but not the toilet claim. *Id.* at 4:13-8. On February 16, 2011, Allstate, through Dilley, indicated that a check was being prepared to pay those claims.

Plaintiff sent an email to Dilley on May 11, 2011 complaining that his credit score would suffer when a plumbing company took his claim to collections, and that Allstate should be paying the claim. *Id.* at 4:24-26—5:1-4.

Plaintiff sent an IFCA complaint to the Insurance Commissioner on May 8, 2012, and a letter for damages to Allstate on May 6, 2013. *Id.* at 5:5-8, 10-16. Dilley declared that due to a change in address, he never received the demand letter and first saw it in discovery in the instant litigation. ECF No. 37 at 2:6-12.

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 4**

1  Plaintiff declares that the letter was automatically forwarded to Defendant's new

2  address. ECF No. 29 at 5:10-15.

3     The instant litigation was filed in Chelan County Superior Court on

4  December 24, 2014. The Court granted Defendant's first motion for summary

5  judgment, ECF No. 6, on May 5, 2015. ECF No. 15. The order dismissed

6  Plaintiff's contractual claims on the finding that Plaintiff did not file suit to

7  recover contractual damages within one year, as demanded by the insurance

8  contract. *Id.* at 5:8-9. The Court ruled that equitable estoppel, as expounded under

9  *Dombrosky v. Farmer Ins. Co. of Wash.*, 84 Wn. App. 245, 257 (1996), did not

10 apply, because there was no indication from the insurance company that the claims

11 were still open. ECF No. 15 at 7:4-5.

12                          *Analysis*

13    Defendant seeks to dismiss Plaintiff's claims for insurance bad faith, IFCA

14 violations, and CPA violations, all on the basis of the running of the statute of

15 limitations. Defendant attempts to dismiss Plaintiff's claims as a matter of law by

16 arguing that an insurance plaintiff cannot "bootstrap" his own actions to defeat the

17 statute of limitations.[2] In support, Defendant cites a string of cases holding that

18 IFCA, RCW 48.30 *et seq.*, is not retroactive. *See, e.g.*, ECF No. 33 at 4:15-20 &

19 n.4; *Malbco Holdings LLC v. Amco Ins. Co.*, 546 F. Supp. 2d 1130, 1134 (E.D.

20 Wash. 2008). Defendant relies on these cases for the proposition that a plaintiff

21 cannot "continue to dispute the appropriate settlement value of a claim in order to

22 create retroactive liability." ECF No. 33 at 4:15-18.  However, none of these cases

23 support that proposition. The cited cases only hold that plaintiffs cannot amend

24 pleadings to add IFCA claims to cases where complaints were filed before IFCA

25

26 [2] Defendant contends that the Court previously held that October, 2010 was the last definite act
   Defendant took on Plaintiff's claims, and is now bound by that determination. The Court only notes here
27 that the newly-proffered evidence may or may not create an issue regarding the finality of the previous
   order on summary judgment, ECF No. 15, *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011),
28 but no motion to modify is pending.

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 5**

became active. *See, e.g.*, *Malbco*, 546 F. Supp. 2d at 1133. The Court instead examines the proffered evidence and the statutes of limitations for the contested claims.

*Insurance Bad Faith.*

Claims for insurance bad faith are subject to a three-year statute of limitations. *Moratti ex rel. Tarutis v. Farmers Ins. Co. of Wash.*, 162 Wn. App. 495, 502 (2011). Tort causes of action accrue for purposes of the statute of limitations "when a party has a right to apply to [a] court for relief." *Id.* In the specific context of insurance bad faith, the period begins to "run, at the latest, when the putative insured settles with the underlying claimant." *Berkshire Hathaway Homestate Ins. Co. v. SQI, Inc.*, No. C14-0868JLR, 2015 WL 5555012, at *18 (W.D. Wash. Sept. 21, 2015).

Since suit was filed on December 24, 2014, the Court can only consider conduct that occurred on or after December 24, 2011. The latest-dated letters Plaintiff submits showing communication with Defendant are dated February 14, 2011, and May 11, 2011. This is well before the December 24, 2011 statute of limitations. All of Plaintiff's proffered evidence falls beyond the three-year statute of limitations for bad faith. Additionally, the application of the doctrines of equitable estoppel or continuing tort is not justified here.

The Court thus **grants the motion in part** and **dismisses** Plaintiff's claim for insurance bad faith. However, as discussed below, Plaintiff may be able to predicate a bad faith claim on a CPA claim, which can cover bad faith and has a four year statute of limitations.

*Insurance Fair Conduct Act.*

IFCA also carries a three-year statute of limitations. RCW 48.30; *Haley v. Allstate Ins. Co.*, No. C09-1494 RSM, 2010 U.S. Dist. LEXIS 109566, at *20 (W.D. Wash. Oct. 13, 2010). The latest-dated letters Plaintiff submits showing communication with Defendant are dated February 14, 2011, and May 11, 2011.

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 6**

This is well before the December 24, 2011 statute of limitations. Thus all of Plaintiff's proffered evidence falls beyond the three-year statute of limitations for IFCA. The application of the doctrines of equitable estoppel or continuing tort is not justified here. The Court thus **grants** the motion **in part** and **dismisses** Plaintiff's claim for IFCA violations.

*Washington Consumer Protection Act.*

CPA claims are subject to a four-year statute of limitations. RCW 19.86.120; *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 530 (2004). Since the case was filed on December 24, 2014, the statute of limitations precludes any claims based on facts occurring before December 24, 2010. Some of Plaintiff's proffered evidence documents communications that fall within this range. In particular, Plaintiff's letters and emails sent on February 14, 2011 and May 11, 2011 survive the statute of limitations. Any CPA claim arising from those letters and emails therefore survive the motion for summary judgment, and the motion is correspondingly **denied in part**.

Additionally, Plaintiff may be able to pursue insurance bad faith claims predicated on these letters, as the CPA allows some causes of action to serve as predicate CPA violations. *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 359 (1978). For example, the Washington Supreme Court has held that because the insurance industry affects the public interest, insurance bad faith claims fulfill the public interest element of CPA claims. *Id.* However, ruling on the merits of those issues is beyond the scope of this order for summary judgment. The Court only rules that Plaintiff's CPA claims based on the proffered evidence demonstrating communications that took place after December 24, 2010 survive this motion for summary judgment on the basis of the statute of limitations.

The Court will not entertain Defendant's argument that Plaintiff's proffered evidence does not establish certain substantive elements of Plaintiff's claims. ECF No. 33:7-10. Defendant did not raise these issues it its motion for summary

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 7**

judgment; Plaintiff was only notified he needed to present evidence on the grounds of the statute of limitations. Only issues raised in the opening brief on summary judgment are properly decided. *See, e.g.*, *In re REMEC Inc. Sec. Litig*., 702 F. Supp. 2d 1202, 1222 (S.D. Cal. 2010) (citing *Miller v. Fairchild Indus.*, 797 F.2d 727, 738 (9th Cir. 1986)).

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant's Motion for Summary Judgment Regarding Statute of Limitations for Plaintiff's Extra-Contractual Claims, ECF No. 25, is **GRANTED IN PART AND DENIED IN PART** as discussed above.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 23rd day of February, 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART . . . ^ 8**